**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

NEIL F. LURIA, as Trustee to the
TAYLOR, BEAN & WHITAKER PLAN
TRUST,

    Plaintiff-Appellant,

vs.                                               Case No. 5:18-cv-592-Oc-34

ADP, INC.,

    Defendant-Appellee.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on appeal from the United States Bankruptcy Court for the Middle District of Florida. Appellant Neil F. Luria ("Luria" or "Trustee") appeals the United States Bankruptcy Court's Memorandum Decision signed on November 1, 2018, (Doc. 8-3; "Mem. Opinion") and the United States Bankruptcy Court's Order Granting Defendant's Motion and Cross-Motion for Partial Summary Judgment Dismissing Plaintiff's Fraudulent Transfer Claims, and Denying Plaintiff's Motion for Partial Summary Judgment on Defendant's Mere Conduit Defense (Doc. 8-4; "Order") signed on November 5, 2018. The Trustee filed his initial brief on June 3, 2019. See Appellant's Initial Brief (Doc. 16; "Initial Brief"). Appellee ADP, Inc. (now known as ADP, LLC ("ADP")) filed its response brief on July 17, 2019. See Response Brief of Appellee, ADP, LLC (Doc. 19; "Response Brief"). The Trustee filed his reply brief on August 22, 2019. See Appellant's Reply Brief (Doc. 23; "Reply Brief").[1] On September 17, 2019, ADP filed ADP's Motion for Sanctions

---

[1] The Court notes that the parties requested oral argument pursuant to Rule 8019, Federal Rules of Bankruptcy Procedure, and Local Rule 3.01(j), United States District Court, Middle District of Florida. See Initial Brief at 1; Response Brief at ii. However, after examining the briefs and record, the Court determined

for the Filing of an Improper Reply Brief and Prosecution of a Frivolous Appeal (Doc. 24; "Sanctions Motion"). In response, on October 1, 2019, the Trustee filed Trustee's Motion to Strike ADP's Motion for Sanctions for the Filing of an Improper Reply Brief and Prosecution of a Frivolous Appeal, or, Alternatively, Response in Opposition, Including Memorandum of Law (Doc. 25; "Response to Sanctions Motion"). Upon review, the Court denied the Trustee's Response to Sanctions Motion to the extent the Trustee sought to strike ADP's Sanctions Motion. See Order, Doc. 26 at 1. Instead, the Court construed the filing as a response in opposition to ADP's Sanctions Motion. Id. Accordingly, both the appeal and Sanctions Motion are ripe for review.

## I.  The Appeal

On August 24, 2009, Taylor Bean & Whitaker Mortgage Corporation ("TBW") filed for relief under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code").[2] See Mem. Opinion at 1 (citing Case No. 3:09-bk-0747-JAF). In 2011, the bankruptcy court confirmed a liquidating Chapter 11 plan and appointed Luria as the plan trustee. See id. at 2. In accordance with his responsibility to pursue all viable claims for the benefit of TBW's creditors, the Trustee filed several lawsuits, including the underlying adversary proceeding against TBW's payroll service provider, ADP.

ADP provided payroll processing services from 2006 until 2009 to TBW, its subsidiaries, and affiliates. In the adversary proceeding in the bankruptcy court, the Trustee sought to recover over $34 million dollars that TBW transferred to ADP for the payroll services ADP provided during the parties' contractual relationship (collectively,

---

that oral argument is unnecessary because the facts and legal arguments are more than adequately presented in the briefs and the record, and would not aid the Court's consideration of the issues. See Rule 8019(b)(3), Federal Rules of Bankruptcy Procedure.

[2] "Bankruptcy Code" refers to 11 U.S.C. §§ 101-1532.

"Transfers").  The Trustee's ability to recover the Transfers depended on the characterization of ADP as an "initial transferee" under 11 U.S.C. § 550.  Section 550(a) of the Bankruptcy Code provides that, "to the extent that a transfer is avoided under § 548, 'the trustee may recover, for the benefit of the estate, the property transferred, or if the court so orders, the value of such property, from,' among others, 'the initial transferee of such transfer.'"  Martinez v. Hutton (In re Harwell), 628 F.3d 1312, 1317 (11th Cir. 2010) ("Harwell") (quoting 11 U.S.C. § 550(a)(1)) (emphasis added).  However, the Bankruptcy Code does not define the term "transferee" and there is no legislative history to shed light on its reach.  Id. (citing Bonded Fin. Servs., Inc. v. European Am. Bank, 838 F.2d 890, 893 (7th Cir. 1988)).  Thus, as the bankruptcy court noted, "§ 550(a)(1) can almost be read to impose strict liability" on a broad range of entities that facially appear to be initial transferees.  Mem. Opinion at 2; see also, e.g., IBT Int'l, Inc. v. Northern (In re Int'l Admin. Servs., Inc.), 408 F.3d 689, 705 (11th Cir. 2005) ("[A] strictly literal interpretation of the statutory term would suggest that the 'initial transferee' of a transfer is the first party which received possession of the property in question after it left the hands of the debtor.").

The Eleventh Circuit Court of Appeals has considered the reaches of this rigid, literal interpretation, and found its facile application to be discordant with the equitable principles underlying bankruptcy law.  In response to this tension, the Eleventh Circuit recognized the "mere conduit" exception to § 550(a)(1).  See Menotte v. USA (In re Custom Contractors, LLC), 745 F.3d 1342, 1349 (11th Cir. 2014) ("Custom Contractors") (discussing Harwell, 628 F.3d at 1321-23 (tracing the development of the judicially-created mere conduit exception)).  Notably, this exception stems from the equitable power of bankruptcy courts.  Id. at 1350.

-3-

With regard to § 550(a)(1), the Eleventh Circuit instructs that initial transferees "of the debtor's fraudulently-transferred funds who seek to take advantage of [the mere conduit exception] must establish (1) that they did not have control over the assets received, i.e., that they merely served as a conduit for the assets that were under the actual control of the debtor-transferor and (2) that they acted in good faith and as an innocent participant in the fraudulent transfer." Harwell, 628 F.3d at 1323 (emphasis in original). In determining whether a party satisfies the requirements of the exception, a court must take "a very flexible, pragmatic, equitable approach[,]" Custom Contractors, 745 F.3d at 1350, such that "[the court] must look at all the circumstances of the transaction that resulted in the avoidable transfer." Harwell, 628 F.3d at 1321-22 (quoting Andreini & Co. v. Pony Exp. Delivery Services, Inc. (In re Pony Exp. Delivery Services, Inc.), 440 F.3d, 1296, 1302 (11th Cir. 2006) ("Pony Express") (citation omitted)). Likewise, "court[s] 'must step back and evaluate a transaction in its entirety to make sure that their conclusions are logical and equitable.'" Pony Express, 440 F.3d at 1303 (quoting Nordberg v. Société Generale (In re Chase & Sanborn Corp.), 848 F.2d 1196, 1199 (11th Cir. 1988) ("Société Generale").

The bankruptcy court's application of the mere conduit test is the basis of the instant appeal. In the underlying adversary proceeding, the Trustee sought to establish ADP's § 550(a)(1) liability, advancing several theories to avoid the Transfers at issue under both bankruptcy and state fraudulent transfer laws. See generally Amended Complaint to Avoid Preferential and Fraudulent Transfers and to Recover Property Transferred Pursuant to 11 U.S.C. § 550 (Doc. 8-18; "Complaint"). In its answer, ADP raised a number of affirmative defenses, including that "[t]o the extent ADP received the Transfers from the Debtor, ADP was a mere conduit from which the Transfers are not recoverable." See ADP, LLC's

-4-

Answer and Affirmative Defenses to Amended Complaint at 5 (Doc. 8-19). The parties subsequently filed and fully briefed three separate motions for partial summary judgment related to ADP's mere conduit defense.[3] The bankruptcy court considered all three motions together. See Mem. Opinion at 4 (citing Custom Contractors, 745 F.3d at 1350).

After a thorough exposition of relevant undisputed facts, the bankruptcy court applied the Eleventh Circuit's mere conduit test, and ultimately concluded that ADP acted merely as a conduit. See id. at 33. Specifically, the bankruptcy court determined that ADP lacked control over the funds received from TBW, i.e., that ADP merely served as a conduit for the funds that were under the actual, ultimate control of TBW, and that ADP acted in good faith and as an innocent participant in the fraudulent transfers. See id. at 28, 33. Accordingly, the bankruptcy court granted ADP's Cross-Motion for Partial Summary Judgment on the Control Element of its Mere Conduit Defense (Doc. 8-21) and granted ADP's Motion for Summary Judgment Regarding Fraudulent Transfer Claims (Doc. 8-46). See Order at 2. The bankruptcy court concurrently dismissed counts two through six of the Complaint and denied the Plaintiff's Motion for Summary Judgment on the Defendant's Mere Conduit Defense (Doc. 8-22). See Mem. Opinion at 33. The Trustee appeals both the Order and the bankruptcy court's accompanying Memorandum Opinion, maintaining that ADP cannot avail itself of the mere conduit defense. See generally Initial Brief, Reply Brief.

This Court has jurisdiction to hear an appeal from a final judgment entered by the United States Bankruptcy Court. See 28 U.S.C. § 158(a). Sitting in an appellate capacity, the Court reviews a bankruptcy court's entry of summary judgment de novo. Gray v.

---

[3] See Doc. Nos. 8-21, 8-22, 8-28, 8-35, 8-39, 8-40, 8-41, 8-46, 8-48, 8-59, and 8-60.

Manklow (In re Optical Tech., Inc.), 246 F.3d 1332, 1334-35 (11th Cir. 2001) ("[B]oth the district court and [the Court of Appeals] review a bankruptcy court's entry of summary judgment de novo."); see also Charter Internat'l Oil Co. v. Ziegler (In re Charter Co.), 113 B.R. 725, 726 (M.D. Fla. 1990). Accordingly, the Court applies the same legal standard used by the bankruptcy court. See, e.g., Marathon Petroleum Co., LLC v. Cohen (In re Delco Oil, Inc.), 599 F.3d 1255, 1257 (11th Cir. 2010).

Pursuant to Rule 56, Federal Rules of Civil Procedure, made applicable to contested bankruptcy matters by Bankruptcy Rule 7056, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In re Optical Tech., Inc., 246 F.3d at 1334. In determining whether summary judgment is appropriate, a court "must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." Haves v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995) (citing Dibrell Bros. Int'l, S.A. v. Banca Nazionale Del Lavoro, 38 F.3d 1571, 1578 (11th Cir. 1994)). However, "a mere scintilla of evidence in support of the non-moving party's position is insufficient to defeat a motion for summary judgment." Kesinger v. Herrington, 381 F.3d 1243, 1247 (11th Cir. 2004).

As the bankruptcy court aptly observed, "each assertion of the mere conduit defense must be considered on its own facts." See Société General, 848 F.2d at 1202 ("Under the particular facts of this case, the transaction does not fall within the provisions of the bankruptcy law on voidable transfers."). Here, the Court is satisfied that no genuine issues of material fact exist as to ADP's good faith and lack of control over the Transfers. Custom Contractors, 745 F.3d at 1350. Upon a de novo flexible, pragmatic, and equitable

consideration of the entire set of circumstances surrounding the Transfers, the undersigned concludes that the bankruptcy court correctly found that ADP did not have control over the funds received from TBW, i.e. it acted as a mere conduit with respect to the Transfers, and ADP acted in good faith and was an innocent participant in TBW's fraudulent activity.[4] The Trustee's arguments to the contrary are simply unavailing. Moreover, it is both logical and equitable that ADP qualify as a mere conduit under the facts presented here. Indeed, it would be inequitable to require ADP to pay the amount sought by the Trustee, given that although ADP received the minimal benefit that accrued between the moment ADP received the funds and the moment it disbursed them, ADP consistently disbursed the funds to employees, taxing authorities and garnishors in accordance with TBW's instructions throughout the relationship, for a period of three years. See id. at 1352-53. Based on the well-reasoned Memorandum Opinion, the bankruptcy court's findings are due to be affirmed.

## II.    ADP's Motion for Sanctions

Having found the bankruptcy court's Memorandum Opinion and Order are due to be affirmed, the Court must next consider whether the Trustee knowingly asserted contradictory arguments in his Reply Brief and whether the instant appeal was frivolous, as ADP argues in its Sanctions Motion. See Sanctions Motion at 2. In that motion, ADP requests that this Court impose sanctions pursuant to Bankruptcy Rule 8020, 28 U.S.C. § 1927, and "through an exercise of this Court's inherent powers." See id. at 11-12.

---

[4] The bankruptcy court considered the deposition of Donald Workman and correctly concluded that it was based on speculation and hearsay rather than personal knowledge, see Mem. Opinion at 28 n. 139, as well as the emails identified by the Trustee and the specific facts regarding the contractual relationship and course of conduct between ADP and TBW. Like the bankruptcy court, having considered all of the evidence and despite drawing reasonable inferences in favor of the Trustee, the record establishes that ADP did not have knowledge of facts or circumstances that would have caused a reasonably prudent person to inquire into TBW's affairs.

-7-

Pursuant to Bankruptcy Rule 8020, "the bankruptcy equivalent of Rule 38 of the Federal Rules of Appellate Procedure," In re Creative Desperation Inc., 443 F. App'x 399, 401 (11th Cir. 2011), upon finding that a bankruptcy appeal is frivolous, the Court "may, after a separately filed motion or notice from the district court or bankruptcy appellate panel and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Federal Rule of Bankruptcy Procedure 8020. An appeal is frivolous if "the result is obvious" or "the appellant's argument is wholly without merit." See Steffen v. Berman, No. 8:09-cv-1953-T-RAL, 2010 WL 2293235, at *1 (M.D. Fla. June 7, 2010); see also In re Generes, 69 F.3d 821, 828 (7th Cir. 1995) ("An appeal is frivolous when 'the result is foreordained by the lack of substance to the appellant's arguments.'"). Courts in this Circuit have imposed sanctions "against appellants who raise 'clearly frivolous claims' in the face of established law and clear facts." Farese v. Scherer, 342 F.3d 1223, 1232 (11th Cir. 2003) (quoting Misabec Mercantile, Inc. De Panama v. Donaldson, Lufkin & Jenrette ACLI Futures, Inc., 853 F.2d 834, 841 (11th Cir. 1988)); see also In re Hussey, 307 F. App'x 398, 399 (11th Cir. 2009) (affirming sanctions for appeal taken without legal or factual support). In determining whether an appeal is frivolous, courts often look to such factors as whether the appellant's argument properly addresses the issues on appeal, "fails to cite any authority; cites inapplicable authority; makes unsubstantiated factual assertions; makes bare legal conclusions; or, misrepresents the record." In re Land Resource, LLC, No. 6:12-cv-961-Orl-37, 2013 WL 950690, at *1 (M.D. Fla. Mar. 12, 2013) (quoting In re Maloni, 282 B.R. 727, 734 (B.A.P. 1st Cir. 2002)).

Turning to 28 U.S.C. § 1927, the Court notes that its statutory language imposes three requirements for the imposition of sanctions:

> First, the attorney must engage in "unreasonable and vexatious" conduct. Second, that "unreasonable and vexatious" conduct must be conduct that "multiplies the proceedings." Finally, the dollar amount of the sanction must bear a financial nexus to the excess proceedings, i.e., the sanction may not exceed the "costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

See Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1239 (11th Cir. 2007) (quoting Peterson v. BMI Refractories, 124 F.3d 1386, 1396 (11th Cir. 1997)). Additionally, the Eleventh Circuit has "consistently held that an attorney multiplies proceedings 'unreasonably and vexatiously' within the meaning of the statute only when the attorney's conduct is so egregious that it is 'tantamount to bad faith.'" Id. (citing Avirgan v. Hull, 932 F.2d 1572, 1582 (11th Cir.1991)); Schwartz v. Millon Air, Inc., 341 F.3d 1220, 1225 (11th Cir. 2003)).

Last, a court may sanction an attorney pursuant to its "inherent power" to police behavior that undermines the judiciary's ability to achieve the just, orderly, and expeditious disposition of cases. Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). "Because of their very potency, inherent powers must be exercised with restraint and discretion." Id. at 44 (citing Roadway Express, Inc. v. Piper, 447 U.S. 752, 764 (1980)). "The inherent power 'is both broader and narrower than other means of imposing sanctions.'" Peer v. Lewis, 606 F.3d 1306, 1314 (11th Cir. 2010) (quoting Chambers, 501 U.S. at 46). It is broader in the sense that, "[w]hile other sanction mechanisms only reach certain individuals or conduct, 'the inherent power extends to a full range of litigation abuses' and 'must continue to exist to fill in the interstices.'" Id. (quoting Chambers, 501 U.S. at 46). "Indeed, the inherent power of a court can be invoked even if procedural rules exist which sanction the same

conduct, for these rules are not substitutes for the inherent power." Id. (quoting In re Mroz, 65 F.3d 1567, 1575 (11th Cir. 1995)) (internal quotation marks omitted). At the same time, the inherent power is narrower in the sense that a finding of bad faith is required to impose such sanctions. Barnes v. Dalton, 158 F.3d 1212, 1214 (11th Cir. 1998).

Although the Court has determined that the bankruptcy court's decisions are due to be affirmed, the Trustee's unsuccessful arguments were not patently frivolous or wholly without merit. See Steffen, 2010 WL 2293235, at *1. Additionally, the Trustee's conduct was not unreasonable and vexatious, did not multiply the proceedings, and plainly did not amount to bad faith. See Amlong, 500 F.3d at 1239. Thus, sanctions are not warranted under Bankruptcy Rule 8020, 28 U.S.C. § 1927, or the Court's inherent powers. See id.; see also Barnes, 158 F.3d at 1214. Therefore, ADP's Sanctions Motion is due to be denied.

Accordingly, it is hereby

**ORDERED**:

1. The United States Bankruptcy Court's Memorandum Opinion and Order Granting Defendant's Motion and Cross-Motion for Partial Summary Judgment Dismissing Plaintiff's Fraudulent Transfer Claims, and Denying Plaintiff's Motion for Partial Summary Judgment on Defendant's Mere Conduit Defense (**Docs. 8-3, 8-4**), entered in Adversary Case No. 3:11-ap-00657-RCT, are **AFFIRMED**.

2. Appellee ADP's Motion for Sanctions for the Filing of an Improper Reply Brief and Prosecution of a Frivolous Appeal (**Doc. 24**) is **DENIED**.

3. The Clerk of the Court is directed to transmit a certified copy of this Order to the Clerk of the bankruptcy court.

4. The Clerk of the Court is further directed to enter judgment consistent with this Order, terminate any pending motions, and close this case.

**DONE AND ORDERED** in Chambers on July 17, 2020.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

lc27
Copies to:
The Hon. Roberta A. Colton, United States Bankruptcy Judge
Counsel of Record